```
               IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF ARKANSAS
                         PINE BLUFF DIVISION
```

JAMES CURRAN                                                PETITIONER

vs.                    Civil Case No. 5:05CV00144 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

### **PROPOSED FINDINGS AND RECOMMENDATIONS**

#### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus by James Curran, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on January 3, 2001, of simultaneous possession of drugs and firearms, manufacture of a controlled substance (methamphetamine), possession of a controlled substance (methamphetamine), possession of drug paraphernalia with intent to manufacture (methamphetamine), possession of drug paraphernalia, and maintaining a drug premises. He received concurrent sentences of 180 months on the possession of a

controlled substance conviction and 144 months on the possession of drug paraphernalia conviction and consecutive sentences of 360 months on the simultaneous possession of drugs and firearms conviction, 300 months on the manufacture of a controlled substance conviction, 240 months on the possession of drug paraphernalia with intent to manufacture conviction, and 144 months on the maintaining a drug premises conviction.  The Arkansas Court of Appeals affirmed his convictions in an unpublished opinion.  Curran v. State, 2001 WL 1415202, NO. CACR 01-508 (November 14, 2001).  Petitioner does not assert he sought any other relief in state court.  In the present petition, his sole ground for relief is a challenge to the policy of the State, County and the State Crime Lab of destroying evidence gathered at the scenes of methamphetamine manufacturing offenses without testing for fingerprints, which Petitioner contends violates Brady v. Maryland, 373 U.S. 83 (1963), and deprives him of due process and equal protection.

In his motion, Respondent contends the petition should be dismissed as untimely, because it was not filed within the one-year period of limitation under 28 U.S.C. § 2244(d).  In this case, the triggering date for the running of the limitations period is the date on which Petitioner's judgment of conviction became final under § 2244(d)(1)(A).  A state court judgment becomes final at the conclusion of direct review or upon expiration of the time for filing a petition for certiorari to the United States Supreme Court, which is ninety days after a state court judgment is affirmed on direct

appeal.  Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).  Under 28 U.S.C. § 1254(a), the United States Supreme Court has jurisdiction to review state court judgments from the "highest court of a State."  Thus, in order for Petitioner to file a petition for certiorari, he would have been required first to petition the Arkansas Supreme Court for discretionary review.  An Arkansas defendant may seek discretionary review by filing a petition for review within eighteen calendar days from the date of the Court of Appeals decision.  Rule 2-4 of the Rules of the Supreme Court of Arkansas.  If review is not sought within that time period, the Court of Appeals issues its mandate.

Even if the court were to find Petitioner's conviction did not become final until after the Court of Appeals issued its mandate[1] and after the expiration of the ninety-day time limit for seeking certiorari (March 2, 2002), the deadline for filing his federal habeas petition would have been March 2, 2003.  However, Petitioner did not file the petition until May 12, 2005, and he filed no state post-conviction motions that tolled the running of this time period under § 2244(d)(2).  Thus, I find the petition is untimely.

Petitioner does not deny his petition is untimely.  Rather, he argues his actual innocence should equitably toll the running of the statute.  He contends that, "but for the State's violation of his

---

[1] Neither party has informed the court of this date, but the court will presume it was eighteen days after it issued its decision, or December 2, 2001.

constitutional rights under Brady v. Maryland and their having violated his constitutional right to test the evidence to be used against him for fingerprints... he would have had available to him the evidence which would have proven his 'actual innocence.'" Petitioner relies on Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). In that case, however, the court held that, if actual innocence may equitably toll the statute of limitations, it may do so only where some action or inaction by the state prevented the petitioner from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered the facts in time to file a petition within the time limitation. Id. at 978.

Petitioner states in his petition that he knew the facts at trial and he objected to the use of photographs of the destroyed evidence. His arguments do not explain why he did not file his petition within the time allowed by statute and he has not met the standard set by the Eighth Circuit in Flanders.

In his reply to the Motion to Dismiss, Petitioner seeks permission to amend his petition to add the claim that his consent to search his residence was unconstitutional because the police officers failed to advise him he had the absolute right to refuse a request to search. He contends current federal law would invalidate the procedures used by police at the time of his arrest.

The court recognizes that, under § 2244(d)(1)(C), the finality of a conviction may also be counted from "the date on which the

constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." There is no need to analyze Petitioner's claim under this section, however, because, even if the petition were timely, Petitioner could not pursue it here.  It has long been recognized that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 482 (1976).  In Arkansas, criminal defendants may file a motion to suppress evidence under Rule 16 of the Arkansas Rules of Criminal Procedure.  Petitioner does not contend the procedures set forth in that rule are inadequate to protect his Fourth Amendment rights.  The court cannot consider Petitioner's Fourth Amendment claim and his motion to amend is denied.

   IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss be, and it is hereby, granted.  The petition is dismissed with prejudice and the relief prayed for is denied.

   SO ORDERED this 28th day of October, 2005.

                                    _____
                                    United States Magistrate Judge